## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS W. CODER, | : | |
|     Petitioner | : | Civil Action No. 1:04-CV-0019 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| MICHAEL V. PUGH, | : | |
|     Respondent | : | |

### MEMORANDUM AND ORDER

Pending before the Court is Petitioner's petition for a writ of habeas corpus ("Petition"), a Report and Recommendation from Magistrate Judge Mannion recommending that the Petition be denied, and Petitioner's objection to the Report and Recommendation.

**I.   Discussion**

In his objection, Petitioner seems to argue that Magistrate Judge Mannion failed to address Petitioner's underlying argument that 18 U.S.C. § 3551(a) exempts military prisoners from the jurisdiction of the United States Parole Commission. The Court finds no merit to this argument. 18 U.S.C. § 3551(a) provides that:

> Except as otherwise specifically provided, a defendant who has been found guilty of an offense described in any Federal statute, including section 13 and 1153 of this title, other than an Act of Congress applicable exclusively in the District of Columbia or the Uniform Code of Military Justice, shall be sentenced in accordance with the provisions of this chapter so as to achieve the purposes set forth in subparagraphs (A) through (D) of section 3553(a)(2) to the extent that they are applicable in light of all the circumstances of the case.

18 U.S.C. § 3551(a). This statute, enacted as part of the Comprehensive Crime Control Act of 1984, Pub. L. 98-473, Tit. II, 98 Stat. 1976, sets forth which defendants are subject to be sentenced under

the federal sentencing guidelines. The statute plainly excludes military defendants from the sentencing provisions. Petitioner was not, in fact, sentenced pursuant to these sentencing guidelines, and the Court finds that Petitioner's argument regarding 18 U.S.C. § 3551(a) has no legal merit.

Petitioner's real grievance appears to be that since being transferred to Bureau of Prisons ("BOP") custody, he has become subject to the guidelines of the United States Parole Commission, including bi-annual parole hearings, whereas he received hearings annually while in military prison.[1] Petitioner believes that he is not properly subject to the jurisdiction of the United States Parole Commission. However, whether military prisoners are properly within the jurisdiction of the United States Parole Commission after being transferred from a military prison to a federal prison operated by the BOP is settled under 10 U.S.C. § 858, which provides:

> Under such instructions as the Secretary concerned may prescribe, a sentence of confinement adjudged by a court-martial or other military tribunal, whether or not the discharge or dismissal has been executed, may be carried into execution by confinement in any place of confinement under the control of any of the armed forces or in any penal or correctional institution under the control of the United States, or which the United States may be allowed to use. Persons so confined in a penal or correctional institution not under the control of one of the armed forces are subject to the same discipline and treatment as persons confined or committed by the courts of the United States or of the State, Territory, District of Columbia, or

---

[1] On April 12, 1987, while stationed in Germany, Petitioner, together with two co-defendants, hung a fellow United States Army solder. On September 4, 1987, he received a court-martial conviction for Conspiracy to Commit Murder and Premeditated Murder. He was sentenced on September 9, 1987 to life in prison with the possibility of parole. (Doc. No. 2, Ex. J-15.) On May 16, 1995, Petitioner was transferred from the United States Disciplinary Barracks at Leavenworth, Texas into the custody of the Federal Bureau of Prisons. On June 6, 1995, Petitioner was designated to USP-Terre Haute. Following certain additional transfers to other prisons managed by the BOP, Petitioner was transferred to USP-Allenwood, where he is presently incarcerated.

place in which the institution is situated.

10 U.S.C. § 858(a). As the Magistrate Judge correctly noted, this statute has been interpreted to mean that military prisoners in BOP facilities are properly governed by BOP rules, including the rules and guidelines pertaining to parole consideration. See, e.g., Artis v. U.S. Department of Justice, 166 F. Supp. 2d 126 (D.N.J. 2001); Romey v. Vanyur, 9 F. Supp. 2d 565 (E.D.N.C. 1998), aff'd, 168 F.3d 483 (4th Cir. 1999); see also Stewart. v. United States Bd. of Parole, 285 F.2d 421, 421-22 (10th Cir. 1960) (military prisoner committed to serve his sentence in federal penitentiary automatically becomes entitled to any advantages and subject to any disadvantages that accrue to a civilian prisoner).

To the extent Petitioner is claiming that his rights to due process were violated as a result of being subject to BOP and Parole Commission regulations (as opposed to military parole rules), that argument is unavailing. As Magistrate Judge Mannion noted, prisoners enjoy no guaranteed right to be paroled under the military parole system. Accordingly, because military parole regulations do not create any liberty interest in parole release, Petitioner does not have any procedural due process under that system. Artis, 166 F. Supp. 2d at 131.

Furthermore, Petitioner's argument that his being subject to the BOP and Parole Commission regulations violates Article I, Section 10, Clause 1 of the United States Constitution prohibiting Congress from passing ex post facto laws is without merit for the reasons set forth in Magistrate Judge Mannion's opinion. (Doc. No. 22, at 10-13.) Petitioner apparently believes that because he now receives suitability hearings every other year, rather than the annual reviews he would have received had he remained incarcerated in a military prison, this procedural change violates the Ex Post Facto Clause.

3

Petitioner is incorrect in this regard. The key question in determining whether a law violates the Ex Post Facto Clause is whether the law "alters the definition of criminal conduct or increases the penalty by which the crime is punishable." Cal. Dept. of Corrections v. Morales, 514 U.S. 499, 506 n.3 (1995) The Supreme Court has held that a California statute that changed the frequency of parole reconsideration from every year to up to three years for a certain class of prisoners did not violate the Ex Post Facto Clause. Id. at 503. In reaching this conclusion, the Court specifically noted that the amendment to the California parole rules:

> has no effect on the date of any prisoner's initial parole suitability hearing; it affects the timing only of subsequent hearings. Accordingly, the amendment has no effect on any prisoner unless the Board has first concluded, after a hearing, not only that the prisoner is unsuitable for parole, but also that "it is not reasonable to expect that parole would be granted at a hearing during the following years."

Id. at 511 (internal quotation omitted). The Court finds that the holding in Morales applies with equal force in this case. On May 16, 1995, Petitioner was transferred into the custody of the BOP. Petitioner had his first parole hearing before the Parole Commission on January 14, 1997. On February 7, 1997, the Parole Commission denied parole, and recalculated Petitioner's severity rating and his salient factor score according to Parole Commission guidelines. As a result of this recalculation, the Parole Commission recommended that Petitioner should serve a minimum of an additional 15 years imprisonment before reconsideration for parole, which would be in January 2012. Petitioner has had statutory interim parole reconsideration on June 3, 1999, and on June 20, 2001. In each case, the Parole Commission adhered to the recommendation that Petitioner serve until at least 2012 before reconsideration for parole.

On the basis of this procedural history and the Supreme Court's holding in Morales, the Court finds that subjecting Petitioner to bi-annual parole hearings in accordance with BOP and Parole Commission procedures is proper under 10 U.S.C. § 858(a) and does not violate the Ex Post Facto Clause.  The Court notes that at least two other district courts have reached the same conclusion in analogous cases.  See Artis, 166 F. Supp. 2d 126 (D.N.J. 2001); Romey v. Vanyur, 9 F. Supp. 2d 565 (E.D.N.C. 1998).

For these reasons and the additional reasons set forth in Magistrate Judge Mannion's Report and Recommendation, the Court finds that Petitioner is not entitled to habeas corpus relief and the Petition must be denied.

**II.     Order**

**WHEREFORE**, upon careful review of Magistrate Judge Mannion's Report and Recommendation and for the reasons set forth above, **IT IS HEREBY ORDERED THAT**:

1. The Court **ADOPTS** Magistrate Judge Mannion's Report and Recommendation (Doc. No. 22).

2. The Court **OVERRULES** Petitioner's objection to the Report and Recommendation (Doc. No. 23).

3. The Petition for a Writ of Habeas Corpus (Doc. No. 1) is **DENIED**.

4. The Clerk of Court shall close the file.


      S/ Yvette Kane
      Yvette Kane
      United States District Judge

Dated:  May 31, 2005